# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL JOSEPH MCDANIEL,**

    Plaintiff,

    v.                          Case No. 14-CV-53

**MICHAEL MEISNER,**
**KAREN ANDERSON,**
**CO PILLAR,**
**DR. MARCELO TRINIDAD-CARRILLO,**
**TIM ZIGLER,**
**ANTHONY ASHWORTH,**
**MR. WEBER, Security Director,**
**MS. HAUTAMAKI, A.D. Advocate-Assistant Warden,**
**CCI MEDICAL DEPARTMENT,**
**CCI PSYCHIATRIC DEPARTMENT,**
**PSYCHOLOGY DEPARTMENTS,**
**CCI INMATE COMPLAINT DEPARTMENT,**
**DR. D. LAURENT, Psychiatry Director, and**
**JOHN DOES 1-10,**

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND SCREENING PLAINTIFF'S COMPLAINT

The plaintiff, Carl Joseph McDaniel, filed a *pro se* complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis*. Contained within McDaniel's complaint was a request for injunctive relief that was docketed as a motion for permanent injunction and motion for temporary restraining order. He has also filed a motion to supplement the complaint and several

other supplements. This matter is now before me on McDaniel's motions and for screening of his complaint.

McDaniel has been assessed and paid an initial partial filing fee of $1.65, and subsequent payments of $4.72 and $.64, for a total of $7.01. I will grant McDaniel's motion for leave to proceed *in forma pauperis*.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**COMPLAINT AVERMENTS**

The averments in McDaniel's sworn complaint relate to his incarceration at Columbia Correctional Institution ("Columbia"). On November 29, 2013, McDaniel submitted a "sick-cell" slip to Sgt. Nelson that said he was in too much pain to continue going up and down stairs. This was denied by phone, and McDaniel did not get his supper meal or his medication that day. McDaniel asked defendant Correctional Officer Pillar for a tray and medications, but his request was denied.

Before breakfast the next day, at 6:58 a.m., McDaniel's cell door opened. McDaniel shuffled to the bubble window, and Nelson shook her head no. McDaniel told her he could not come down because he was in too much pain. At 7:07 a.m., Pillar came to McDaniel's cell and told him he was on modified sick cell and had to come down for meals and medications. Plaintiff replied, "The entire point is it's too dangerous with my knee/feet/wrist pain and injuries to go up and down stairs." (Complaint at 3, Docket # 1).

At 7:45 a.m. on December 1, 2013, Pillar again opened the cell and told McDaniel that the Health Services Unit (HSU) had refused his "sick-cell" request. They spent 20 minutes discussing diabetes. Pillar was sympathetic because his mother had diabetes, but he said the HSU was not going to help McDaniel and that starving himself and refusing medication was not the right way to get things done. McDaniel insisted that he was not starving himself, but he could not take the pain and that falling down the stairs and breaking anything at his age could prove fatal. Pillar then told McDaniel, "Back off the ICEs and suing everybody and maybe they'll see you!" (Complaint at 4, Docket # 1). Pillar instructed McDaniel to be patient and suggested a month of not writing HSU requests and leaving the legal stuff alone.

At 10:50 a.m., the cell was opened for McDaniel to come down for his tray. McDaniel shuffled out to the bubble window and told Sgt. Nelson, "I still can't come down, can I please have a tray?" (Complaint at 4, Docket # 1). She shook her head no.

At 11:20 a.m., after missing three meals and three doses of medication, McDaniel told Sgt. Nelson that he was feeling very bad and that he was a diabetic, which she already knew. When HSU saw McDaniel, his blood sugar was at 80 mg/dL after about 19 hours of not eating.

On December 2, 2013, Pillar denied McDaniel breakfast. Pillar gave McDaniel an ultimatum that he had to come down and get trays or he would not be fed. Between December 1, 2013, and December 10, 2013, McDaniel was denied two or more meals per day. Between November 29, 2013, and December 11, 2013, McDaniel was denied about 26 meals, including more than 50 hours without food after defendant Weber, the Security Director, visited McDaniel's cell on December 9, 2013, at about 9:45 a.m. McDaniel told Weber that he would eat if he was given food and that he was not on a hunger strike. McDaniel informed Weber that he was in tremendous pain and it was dangerous with his injuries and maladies to navigate the stairs. After that visit, McDaniel was denied five of seven meals and the corresponding medication doses.

According to McDaniel, CO Pillar gave him the ultimatum of more pain and the risk of a catastrophic fall (with three of four limbs in pain) or the stomach ache and peaceful quiet diabetic coma that came from missing meals. McDaniel chose the latter. McDaniel also cites CO Pillar's constant degradation, challenges, attitude, and bragging to McDaniel after a particularly long weekend during which McDaniel had only two meals that "he is still stuffed." (Complaint at 4, Docket # 1.) Pillar claiming he ate so well was troubling, especially after Pillar claimed he understood diabetes because his mother had type 1, insulin-dependent diabetes.

Sgt. Jody Reising, who is not a defendant, told McDaniel that the order not to bring trays to McDaniel was given by Security Director Weber and Unit Manager Ziegler on December 10, 2013, at 4:10 count at cell 37 door. An inmate complaint that McDaniel submitted was returned to him with the direction to see the chain of command, but Unit Manager Ziegler did not interview McDaniel, even when McDaniel requested a meeting. According to McDaniel, Warden Meisner

was aware of McDaniel's diabetes. McDaniel avers that the HSU and HSU Manager Karen Anderson have intentionally denied McDaniel reasonable accommodations since June 10, 2013.

McDaniel avers that he has notified the HSU and two doctors (Muller and Heizle) numerous times that Lyrica was ineffective for him. McDaniel received no medication for his knee and wrist pain, only Tylenol for his recently reinjured left elbow.

McDaniel also avers that the failure to accommodate his inability to go up and down stairs led to him being denied library and recreation time during the time when plaintiff had 21 days to respond in Case No. 12-cv-1178. McDaniel was left without legal counsel or meaningful access to the law library.

Finally, McDaniel avers that he received vague, ambiguous instructions about having to request permission for emergency legal loan limit increase from the Warden. He says this led to the Assistant Attorney General's "untimely surreply brief" in his other case.

## ADDITIONAL PLEADINGS

On January 28, 2014, McDaniel filed an Addendum to his complaint that was docketed as a motion to supplement. This includes additional claims against a sergeant and a correctional officer, John Doe and Jane Doe, regarding McDaniel's request for a knee brace during a hospital visit on January 23, 2014, as well as a number of requests for injunctive relief with regard to various medical equipment, such as a knee brace and special shoes.

On January 31, 2014, McDaniel filed another Addendum and request for the Court to order the testimony of several other inmates as hostile witnesses. This Addendum includes allegations regarding delays in providing McDaniel with an ice bag on two separate days.

Finally, on March 26, 2014, McDaniel filed an Addendum to Totality of Conditions, which is a chronology of events before and after he filed his complaint. This document includes details regarding events that have not been mentioned previously in this case.

The addenda do not properly supplement or amend McDaniel's complaint. It also appears that some of the claims in the addenda are not sufficiently related to McDaniel's original claims to satisfy the rules of joinder. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Accordingly, I will deny McDaniel's motion to supplement his complaint and disregard the other addenda he has filed. If McDaniel wants to amend his complaint to include new, related claims, he must follow the procedure set forth in Federal Rule of Civil Procedure 15(a) and Civil Local Rule 15 and filed a motion for leave to amend his complaint, as well as a complete amended complaint that includes all of his claims against all of the defendants.

**ANALYSIS**

As an initial matter, I note that McDaniel asked for a temporary restraining order to stop the harassment in the section of his complaint requesting relief. This request was docketed as separate motions for a permanent injunction and a temporary restraining order. However, McDaniel's prayers for injunctive relief are moot because he is no longer an inmate at Columbia Correctional Institution. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). On April 28, 2014, McDaniel advised the Court that his address had changed to Stanley Correctional Institution.

Turning back to McDaniel's original complaint, I will consider whether McDaniel may proceed on Eighth Amendment claims regarding the denial of meals, as well as claims under the Americans with Disabilities Act and the Rehabilitation Act.

A valid claim of deliberate indifference under the Eighth Amendment has both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim an inmate must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Second, the inmate must allege that the defendants were subjectively aware that their conduct was creating a substantial risk of serious harm. *Farmer*, 511 U.S. at 834.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including ensuring that inmates receive adequate food. *Farmer*, 511 U.S. at 832; *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Withholding food from prisoners is a deprivation of a basic need that in some circumstances will satisfy the objective aspect of the *Farmer* test. *See Williams v. Schueler*, 436 Fed.Appx. 687, 689 (7th Cir. 2011) (collecting cases); *see also Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."); *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (concluding that denial of 16 meals in 23 days was sufficient to support claim of deliberate indifference); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999) (concluding that the first *Farmer* element was satisfied by allegation that infirm inmate was denied food for three to five days); *Simmons v. Cook*, 154 f.3d 805, 808 (8th Cir. 1998) (concluding that the denial of four consecutive meals was a sufficiently serious deprivation). The number of meals McDaniel missed because

defendants refused to accommodate the complications of his diabetes by bringing a tray to his cell satisfies the first *Farmer* element.

Additionally, the second *Farmer* element is satisfied with respect to defendants Pillar, Ziegler, Weber, Anderson, and Meisner. McDaniel may proceed at this stage on Eighth Amendment claims against each of those defendants. But, McDaniel's claims against Anderson and Meisner are limited to the actions each of those defendants took or did not take. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

McDaniel attempts to implicate almost every staff member at Columbia Correctional Institution. However, there are no allegations of personal involvement in McDaniel's complaint to state a claim against Dr. Marcelo Trinidad-Carrillo, Anthony Ashworth, Ms. Hautamaki, or Dr. D. Laurent. Nor are there allegations of person involvement by John Does 1-10. Additionally, the CCI Medical Department, the CCI Psychiatric Department, the Psychology Departments, and the CCI Inmate Complaint Department are not suable entities, and there are no claims against them in McDaniel's complaint.

Turning to the ADA, Title II, 42 U.S.C. § 12131, et seq., provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Title II applies to state prison inmates. *See Pa. Dep't of Corr. V. Yeskey*, 524 U.S. 206, 210 (1998); *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). But it is an open question

whether state officers are immune from suits under the ADA. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citing *United States v. Georgia*, 546 U.S. 151, 158-59 (2006)).

"To state a claim under the Rehabilitation Act, [plaintiff] need only allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (citations omitted). The relief available under the ADA and the Rehabilitation Act is "coextensive" and, with respect to plaintiff's claims, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.*

According to McDaniel, his diabetes and injuries that are complications from his diabetes, prevented him from navigating stairs to a lower tier to eat his meals. He was in great pain and afraid of falling or some other serious injury, but the defendants refused to bring trays to his cell so that he could eat and receive his medication. This is enough to state a claim under the ADA and the Rehabilitation Act.

However, employees of the Department of Corrections are not "amenable to suit under the Rehabilitation Act or the ADA" in their individual capacities. *Id.* at 670 (citing 29 U.S.C. § 794(b) and 42 U.S.C. § 12131). The proper defendant for McDaniel's claims under the ADA or the Rehabilitation Act would be the "public entity," as defined by 42 U.S.C. § 12131(1). In this case, the public entity could be either the State of Wisconsin, 42 U.S.C. § 12131(1)(A), or "any department, agency, special purpose district, or other instrumentality of a State or States or local government," 42 U.S.C. § 12131(1)(B), which could include the Wisconsin Department of Corrections or Columbia Correctional Institution. Although McDaniel has been transferred to another institution

and his claims against individual defendant for injunctive relief under § 1983 are now moot, he is still in the custody of the Wisconsin Department of Corrections. As such, I will allow his ADA and Rehabilitation Act claims to proceed at this time with Warden Michael Meisner, in his official capacity, as the defendant.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that McDaniel's motion for leave to proceed *in forma pauperis* (Docket # 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that McDaniel's motion for permanent injunction (Docket # 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that McDaniel's motion for temporary restraining order (Docket # 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that McDaniel's motion to supplement the complaint adding addendum with additional reliefs (Docket # 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the following parties are **DISMISSED** as defendants to this action: Dr. Marcelo Trinidad-Carrillo, Anthony Ashworth, Ms. Hautamaki, CCI Medical Department, CCI Psychiatric Department, Psychology Departments, CCI Inmate Complaint Department, Dr. D. Laurent, and John Does 1-10.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Michael Meisner, Karen Anderson, CO Pillar, Tim Ziegler, and Security Director Mr. Weber.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from McDaniel's prison trust account the $342.99 balance of the filing fee by collecting monthly payments from McDaniel's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden at Stanley Correctional Institution.

**IT IS FURTHER ORDERED** that the McDaniel shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, McDaniel need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. McDaniel should also retain a personal copy of each document filed with the court.

McDaniel is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of September, 2014.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge