UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CARL JOSEPH MCDANIEL**,

           Plaintiff,

v.                             **Case No. 14-cv-53-pp**

**WARDEN MICHAEL MEISNER,
KAREN ANDERSON,
CO BRIAN PILLAR,
TIMOTHY ZIEGLER, and
LUKAS WEBER,**

           Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT NO. 25); DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 26); DENYING PLAINTIFF'S MOTION TO OBTAIN MEDICAL FILES WITHOUT COST (DKT. NO. 30); DENYING PLAINTIFF'S MOTION FOR ORDER TO COMPEL DISCOVERY (DKT. NO. 33); DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 34); DENYING PLAINTIFF'S MOTION TO PRODUCE ENTIRE MEDICAL FILE (DKT. NO. 37); DENYING PLAINTIFF'S MOTION FOR POOR PERSONS ORDER FOR DISCOVERY (DKT. NO. 39); DENYING PLAINTIFF'S MOTION FOR HEARING (DKT. NO. 40); DENYING PLAINTIFF'S MOTION TO STAY FURTHER ACTIVITY (DKT. NO. 42); AND DIRECTING PLAINTIFF TO FILE A SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON OR BEFORE FRIDAY, OCTOBER 16, 2015**

---

      The plaintiff, Carl Joseph McDaniel is proceeding *pro se* and *in forma pauperis* on claims under 42 U.S.C. §1983 that the defendants violated his Eighth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act. On November 12, 2014, Chief United States District Judge William Griesbach issued a scheduling order, which provided a discovery

1

deadline of February 10, 2015, and a deadline for dispositive motions of March 12, 2015. Dkt. No. 24.

Ten days later, the plaintiff filed an unsigned motion for leave to amend his complaint, with an unsigned amended complaint attached. A week after that, the plaintiff filed a motion to appoint counsel. Over the course of the next two to three months, the plaintiff filed six motions that related primarily to discovery. The defendants did not respond to any of these motions, which makes it difficult for the court to assess where discovery stands at this point. Without addressing any of the plaintiff's pending motions, the defendants filed their motion for summary judgment on March 13, 2015, regarding the merits of the plaintiff's claims.

**A.     Motion for Leave to Amend Complaint (Dkt. No. 25)**

In his motion to amend the complaint, the plaintiff states that he is moving pursuant to Wis. Stat. §§802.09 and 803.06 to amend the complaint in this case. Dkt. No. 25 at 1. He then states that he wants to amend to name the proper parties; he also seeks to add additional claims regarding incidents that occurred after the plaintiff filed his original complaint. Id. at 1-8.

As an initial matter, the court notes that because the plaintiff filed this suit here in federal court, the Wisconsin statutes do not set the standards for filing amended complaints. The Federal Rules of Civil Procedure (specifically, Rule 15) and the Civil Local Rules for the Eastern District of Wisconsin apply.

The motion to amend is an eight-page document that describes factual allegations and claims the plaintiff wants to assert against Correctional Officer

2

Goldsmith, Unit Manager Ashworth, and Dr. Marcelo Trinidad-Carrillo. He did not name Correctional Officer Goldsmith in his original complaint. He attached to the motion for leave to amend a complaint that is, with a few very minor changes, a typed version of his original complaint.

While the federal rules provide that leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted." Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005) (Leave to amend "may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party."). Additionally, the Civil Local Rules provide:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Civil L.R. 15 (E.D. Wis.). Although the plaintiff's *motion* describes his proposed new claims, the attached *amended complaint* does not include those factual allegations or parties. Accordingly, the motion does not comply with Civil Local Rule 15.

More important, the substance of the claims the plaintiff wants to add is not related to the plaintiff's original claims. In its September 12, 2014 screening order, the court allowed the plaintiff to proceed on Eighth Amendment claims regarding his inability to leave his cell to get his meals in November and December 2013. Dkt. No. 15. In this motion to amend the complaint, the plaintiff makes allegations of harassment and failure to follow

3

and comply with procedures against Goldsmith, and makes only brief reference to the claims against Dr. Trinidad-Carrillo and Mr. Ashworth, whom the court already dismissed.

The Seventh Circuit Court of Appeals, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), has held that "[u]nrelated claims against different defendants belong in different suits," both to avoid confusion and to prevent prisoners from manipulating the fee payment or three-strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that, like Rule 18, Fed. R. Civ. P. 20 applies to complaints filed by prisoner plaintiffs. George, 507 F.3d at 607. Under Rule 20, joining multiple defendants into one action is proper only if "(A) [a plaintiff] assert[s] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

4

The plaintiff's original complaint described incidents that occurred in late November/early December 2013. Dkt. No. 1 at 3. It is unclear exactly when the events underlying the plaintiff's claims against Goldsmith occurred, but the plaintiff sent letters and filed claims about the incident and threats in late February and early March 2014, well after the incidents underlying his current claims. It appears that the plaintiff's claims against Ashworth relate to alleged threats made in June 2013, well before the incidents underlying the plaintiff's current claims. Finally, the plaintiff's claims against Dr. Trinidad-Carrillo relate to the plaintiff's placement in observation status on July 2, 2013, also well before the incidents underlying the plaintiff's current claims. Thus, the claims the plaintiff seeks to bring against these defendants are not related to the incidents he described in his complaint.

Even if the plaintiff had complied with Civil Local Rule 15 regarding his amended complaint, therefore, the court would not allow the plaintiff to amend his complaint with these allegations against these defendants, because to do so would violate Rules 18 and 20. The facts in the plaintiff's motion allege unrelated claims against different defendants for different, unrelated events. The George court instructed that such "buckshot" complaints should be "rejected." George, 707 F.3d at 607. The court will deny the plaintiff's motion to amend his complaint.

## B. Motion to Appoint Counsel (Dkt. No. 26)

On December 1, 2014--a week after filing his motion for leave to amend his complaint--the plaintiff filed a motion to appoint counsel. Dkt. No. 26. In

5

that motion, he argues that he is unable to afford counsel, that the issues in his case are beyond his ability to comprehend and properly present, that his mental and physical disabilities impede his ability to litigate the case, that he will have to depose hostile staff and inmate witnesses at a different institution, and that he has shown his inability to litigate in other cases. He also states that he has tried to contact and recruit counsel, without success.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

In his motion, the plaintiff says that he has tried to contact and recruit counsel on his own, to no avail, and states that proof of those attempts is enclosed. Neither the motion itself, however, nor the brief in support of the motion contain any information regarding those attempts. Even if the plaintiff

6

had attached proof, the multiple and extensive motions and other pleadings he has filed regarding the straightforward factual allegations indicate that, at this point, the plaintiff is capable of representing himself. The court understands that the plaintiff does not have funds, is not a lawyer, and is incarcerated. The court does not have the resources, however, to appoint counsel for everyone in that situation who asks—and many people in that situation ask. The court will deny without prejudice the plaintiff's motion to appoint counsel.

**C.     Discovery Motions**

Each of the plaintiff's discovery motions reveals his trouble trying to obtain discovery from the defendants due to his incarceration and his *in forma pauperis* status. However, there is little the court can do to remedy this problem.

1.     <u>Motion to Obtain Medical Files Without Cost (Dkt. No. 30)</u>

On December 18, 2014, the plaintiff filed a motion seeking to obtain his Wisconsin Department of Corrections medical files without cost. Dkt. No. 30. He argues only that he is indigent. He filed with this motion a signed release. The plaintiff does not cite any rule, statute or case that entitles indigent litigants to obtain records without paying the relevant costs, and the court does not know of any such authority. Section 1915 of Title 28 gives courts the authority to allow an indigent plaintiff to pay the filing fee over time out of his prison account; it does not give courts the authority to order that such litigants receive records free of charge.

### 2. Motions to Compel Discovery (Dkt. Nos. 33 and 34)

On January 5, 2015, the plaintiff filed two motions to compel discovery. In the first motion, he cites Fed. R. Civ. P. 37(a), and argues that the defendants did not produce documents in response to the plaintiff's first request for production. He also asks for $100 in sanctions for having to bring this motion. Dkt. No. 33.

In the second motion, the plaintiff cites Fed. R. Civ. P. 33, and contends that the defendants failed to timely respond to his request for production of documents and interrogatories. Dkt. No. 34. He states that they did not make any effort to obtain an extension from the court or the plaintiff. He submits that the defendants have waived their objections.

Under Federal Rule of Civil Procedure 37, a party may file a motion to compel discovery when another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Mach., Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The plaintiff did not attach to either of his motions a certification that he had, in good faith, conferred with the defendants to try to obtain the discovery he requested. The court knows, of course, that the plaintiff is in custody, and cannot pick up the phone and call the defendants or go to an in-person meeting with them. Incarcerated litigants can, however, write letters to the parties from whom they seek discovery. The rules require that before the plaintiff filed these two motions, he write to the defendants and try to resolve the issues with them directly. He did not attach to either motion proof that he made that effort. Because the motions do not comply with either the federal or local rule, the court will deny the motions to compel discovery.

      3.    <u>Motion to Produce Entire Medical File (Dkt. No. 37)</u>

On January 21, 2015, the plaintiff filed three motions. In the first motion, the plaintiff asks the defendants to produce the plaintiff's entire medical file for inspection and copying. Dkt. No. 37. He then details a number of other documents he would like the defendants to produce. Although the plaintiff titled this document "Motion to Produce Plaintiff's Entire Medical File," it appears to be the plaintiff's requests to the defendants for production of documents. It is not clear why he filed those discovery requests with the court, when he was asking the defendants to produce the documents. If the plaintiff meant for this pleading to be a motion to compel responses to these requests, he has not provided the required Rule 37 certification regarding meeting and conferring with the defendants. The court will deny this motion.

9

The court is troubled, though, by the difficulty the plaintiff encountered in accessing his own medical records. While the court is aware of the prison's rules and regulations regarding legal loans and copies of medical records, the plaintiff suggests that he had only one twenty-five minute opportunity to review his medical files. That is insufficient to allow him to respond to a motion for summary judgment in a case that relates closely to the plaintiff's medical care and restrictions.

4.   Motion for Poor Person Order for Discovery (Dkt. No. 39)

In this motion, the plaintiff swears that he is indigent and asks for a waiver of court costs. "Court costs" are things like filing fees. The court already has allowed the plaintiff to pay the filing fee over time from his prison account. The court does not have the authority to waive the filing fee entirely. See 28 U.S.C. §1915.

Perhaps this is another effort by the plaintiff to ask the court to order that he not be required to pay copying costs for his medical records. If so, as the court has discussed above, there is no legal authority that allows courts to order that inmates receive free medical records. There is no "poor person's order" for discovery under the statutes or rules.

The court will deny this motion.

5.   Motion for Hearing (Dkt. No. 40)

The plaintiff entitled this motion "Motion to Defense Counsel, Pursuant to Fed. R. Civ. P. Rule 26(f) Meeting 'As Soon as Practicable' to Clarify Discovery Requests and Set Trial Date." Dkt. No. 40. While it isn't entirely clear

whether the plaintiff is asking the defendants or the court for relief, it appears that he may be asking the court to schedule a Rule 26(f) meeting with the defendants, as well as asking the defendants to provide the mandatory disclosures referenced in Rule 26(a).

Courts do not schedule Rule 26(f) conferences—those are meetings between the parties (usually the attorneys for the parties), at which the parties discuss how best to schedule the case. They talk about how much time they need to conduct discovery, whether they will need expert witnesses, whether they will file motions and what kind, and when they might be ready to go to trial. They then file a report with the court, asking the court to set a schedule that takes into account their discussions. In this case, there is no need for a Rule 26(f) conference (indeed it is not practical in a case involving an incarcerated plaintiff to hold such a conference), because the court already has entered an order laying out the discovery and motions schedule. Dkt. No. 24.

The court's scheduling order, entered on November 12, 2014, required the parties to serve all discovery requests in time for discovery to be completed by February 10, 2015. Dkt. No. 24. As discussed above, the plaintiff filed a number of motions in December 2014 and January 2015, but did not file a motion to extend the deadline for completing discovery.

As to the plaintiff's request for Rule 26(a) disclosures, the rule provides that "action[s] brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" are exempt from initial

11

disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv). This means that the defendants in this case are not required to make those disclosures.

The court will deny this motion.

## D. Motion to Stay (Dkt. No. 42)

Finally, on February 20, 2015, the plaintiff filed a motion asking the court to stay further activity "until decision on motion to extend discovery deadline is ruled upon." Dkt. No. 42. As noted above, the plaintiff has not filed a motion to extend the discovery deadline, and he did not ask in the body of the motion that the court extend it. He filed this motion after the deadline for completing discovery had passed. He did state that he had been placed in segregation (again), that he couldn't access his typewriter, that documents had gotten lost in the system, and that he had only two hours per week to work on his case. He also asked the court to stay proceedings until it ruled on his motion to appoint counsel.

It is not necessary for the court to formally stay the entire case. But the court is willing to give the plaintiff additional time to supplement his response to the defendants' motion for summary judgment.

The defendants filed their motion for summary judgment on March 13, 2015. Dkt. No. 43. The plaintiff filed a 30-page brief, Dkt. No. 53, as well as a reply to the defendants' proposed findings of fact, Dkt. No. 54. A week later, the plaintiff filed an affidavit indicating that he was denied a legal loan and therefore had trouble presenting evidence on his behalf in response to the defendants' motion for summary judgment. Dkt. No. 55. Because of the

12

difficulties the plaintiff has had in accessing his medical records, and being denied the legal loan on short notice, the court will provide the plaintiff with additional time to supplement his response to the defendants' motion for summary judgment. The court expects that the defendants will ensure that the plaintiff has access to his medical records, either by providing him with a copy of the records or making sure that he has sufficient time to review them before the deadline the court sets for him to file his supplemental response.

The court advises the plaintiff to review very carefully the rules the defendants provided with their motion for summary judgment, especially Civil Local Rule 56(b)(2) regarding an opposing party's materials in opposition. He should make sure that any factual assertion or dispute is supported by "specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon." Id.

### E. Conclusion

The court **DENIES** the plaintiff's motion for leave to amend complaint (Dkt. No. 25).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (Dkt. No. 26).

The court **DENIES** the plaintiff's motion to obtain medical files without cost (Dkt. No. 30).

The court **DENIES** the plaintiff's motion for order to compel discovery (Dkt. No. 33) and the plaintiff's motion to compel discovery (Dkt. No. 34).

The court **DENIES** the plaintiff's motion to produce entire medical file (Dkt. No. 37). The court further **DENIES** the plaintiff's motion for poor person's order for discovery (Dkt. No. 39).

The **DENIES** the plaintiff's motion for hearing (Dkt. No. 40).

The court **DENIES** the plaintiff's motion to stay further activity until decision on motion to extend discovery deadline is ruled upon (Dkt. No. 42).

The court **ORDERS** that the plaintiff may file a supplemental response to the defendants' motion for summary judgment on or before **Friday, October 16, 2015**.

Dated at Milwaukee this 12th day of August, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge