UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CARL JOSEPH MCDANIEL**,

                Plaintiff,

v.                                  **Case No. 14-cv-53-pp**

**WARDEN MICHAEL MEISNER,
KAREN ANDERSON,
CO BRIAN PILLAR,
TIMOTHY ZIEGLER, and
LUKAS WEBER,**

                Defendant.

---

**DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO CLARIFY (DKT NO. 57), DENYING AS MOOT PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 61), AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 62)**

---

The plaintiff, Carl Joseph McDaniel is proceeding *pro se* and *in forma pauperis* on claims under 42 U.S.C. §1983 that the defendants violated his Eighth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act. Dkt. No. 15. On August 12, 2015, the court resolved a number of pending motions in this case and directed the plaintiff to file his response to the defendants' motion for summary judgment on or before Friday, October 16, 2015. Dkt. No. 56.

A week after the court entered that order, the court received from the plaintiff a document entitled "Motion for Clarification to the Following:," in which he asked questions about the court's order. Dkt. No. 57. First, the plaintiff asked whether the reason the court had allowed him to file a

1

supplemental response to the defendants' motion for summary judgment was because the defendants had filed a reply. Id. at 1. The plaintiff stated that if the defendants had filed a reply, he hadn't received it, and he asked for a copy. Id.

At the time of the court's August 12, 2015 order, the defendants had *not* filed a reply. The court stated, in the August 12, 2015 order, the reason that it was giving the plaintiff the opportunity to supplement his response to the defendants' motion for summary judgment:

> Because of the difficulties the plaintiff has had in accessing his medical records, and being denied the legal loan on short notice, the court will provide the plaintiff with additional time to supplement his response to the defendants' motion for summary judgment. The court expects that the defendants will ensure that the plaintiff has access to his medical records, either by providing him with a copy of the records or making sure that he has sufficient time to review them before the deadline the court sets for him to file his supplemental response.

Dkt. No. 56 at 12-13.

Second, the plaintiff asked for another copy of the defendants' motion for summary judgment because he says he had to use his only copy to prepare his original response and he could not prepare a supplemental response without their motion. Dkt. No. 57 at 1. Despite indicating that he did not have a copy of the defendants' motion for summary judgment, however, the plaintiff was able to file supplemental materials in opposition to the defendants' motion for summary judgment on October 19, 2015, and again on November 12, 2015. Because the plaintiff figured out how to file a supplemental response, the court considers his request for a copy of the motion for summary judgment moot.

2

On September 28, 2015—a little over a month after the plaintiff filed his motion to clarify—the court received the plaintiff's Motion for a More Definitive Statement Pursuant to Fed. R. Civ. P. Rule 12(4)(3) In Accordance with F.R.C.P. 7(b)(2) (Dkt. No. 61) and his Motion to Extend Supplemental Response to Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(2) (Dkt. No. 62), along with his Motion to Obtain Plaintiff's 30 Page Summary Judgment Argument (Submission) From This Court Pursuant to Fed. R. Civ. P. Rule 26(5)(i-ii)(e)(1)(A) In According with Rule 7(b)(2) (Dkt. No. 63) and a set of exhibits regarding his application for a legal loan (Dkt. No. 64).

In the motion for a more definite statement, the plaintiff asks the court very specifically to evaluate his original response to the defendants' motion for summary judgment and tell him how it did not comply with the applicable rules. He also asks the court to provide him with copies of the applicable rules. As indicated above, however, the court did not find in its August 12, 2015 order that the plaintiff's response to the summary judgment motion was deficient, or that it failed to comply with any rules. The court simply gave the plaintiff the opportunity, if he wanted it, to supplement the response, since at the time he filed it (in April 2015), he hadn't yet seen his medical records, and had had difficulties getting his legal loan approved. The court didn't *require* the plaintiff to file a supplement to his response—it just gave him the chance to do so, in case he wanted to add something after he'd had the opportunity to review his medical records. Given the fact that the plaintiff *did* file two different

3

supplements to his response, the court finds that the plaintiff's motion for a more definite statement is moot.

In his motion for extension of time, the plaintiff asked the court to give him additional time to file his supplemental response and cited a number of limitations in segregation as the basis for his request. The court did not timely rule on this motion; the plaintiff filed it on September 28, but when he didn't hear from the court, he went ahead and filed supplements on October 19 and November 12, 2015. The court will grant the plaintiff's motion for extension of time, and will order that his October 19 and November 12 submissions were timely filed. The court will evaluate his supplements, along with his original response, when the court decides the motion for summary judgment.

Finally, the plaintiff's request to get a copy of his response to the motion for summary judgment is moot, because the court has provided him with that document.

The court **DENIES AS MOOT** the plaintiff's motion to clarify. Dkt. No. 57. The court **DENIES AS MOOT** the plaintiff's motion for more definite statement. Dkt. No. 61. The court **GRANTS** the plaintiff's motion for extension of time, and **ODERS** that the supplements he filed on October 19, 2015 and November 12, 2015 were timely filed. Dkt. No. 62. The court **DENIES AS MOOT** the plaintiff's

motion to obtain a copy of his summary judgment response. Dkt. No. 63.

The court will issue a separate order regarding the defendants' motion for summary judgment.

Dated in Milwaukee, Wisconsin this 11th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge