UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL JOSEPH MCDANIEL,

                      Plaintiff,

v.                                      Case No. 14-cv-53-pp

MICHAEL MEISNER, *et al.*,

                      Defendants.

---

**ORDER DIMSISSING PLAINTIFF'S MOTIONS TO VACATE VOLUNTARY DISMISSAL (DKT. NO. 96) AND TO INCLUDE NEW EVIDENCE AND APPOINT COUNSEL (DKT. NO. 97) FOR LACK OF JURISDICTION**

---

This case has been closed for some twenty-two months. On October 28, 2016, the parties filed a stipulation of dismissal, agreeing that the court should dismiss the case on its merits, with prejudice. Dkt. No. 92. The plaintiff, his attorney and the defendants' attorney signed the stipulation. Id. The stipulation did not say why the parties agreed to dismiss the case. It does not reference a settlement agreement, nor did it provide for the court to reserve jurisdiction to enforce a settlement agreement. Based on the stipulation, the court dismissed and closed the case on October 31, 2016.

Nearly eight months later, on June 15, 2017, the clerk's office received a letter from the plaintiff, asking the clerk to provide him with a copy of the stipulation. Dkt. No. 95. The plaintiff explained that he was considering filing a motion to reopen the case due to "extraordinary circumstances." Id. He also explained that he had been unable to contact the lawyer the court had

1

recruited and who had been representing him when he signed the stipulation. Id.

On January 12, 2018, the court received from the plaintiff a motion to vacate his voluntary dismissal. Dkt. No. 96. The plaintiff argues that the defendants "materially breach[ed] the terms and condition(s) of the settlement agreement," that his "cognitive dysfunction" prevented him from understanding the implications of settling with the defendants, that his lawyer provided "ineffective assistance of counsel," and that the defendants continue to retaliate against him. Id. A couple of weeks later, the clerk's office received from the plaintiff a motion to include new evidence, arguing that he has received three new conduct reports, punishing him for seeking health care. Dkt. No. 97.

A bit of history is helpful in considering the plaintiff's motions. When the parties filed their stipulation of dismissal, the plaintiff had two cases pending in the Eastern District of Wisconsin: McDaniel v. Meisner, et al., 2012-cv-1178-NJ and McDaniel v. Meisner, et al., 2014-cv-53-PP (this case). On May 13, 2014—four months after the plaintiff filed his complaint in the 2014 case before this court, but a year and a half after he filed the 2012 case—Judge Joseph granted the defendants' motion for summary judgment, and dismissed the 2012 case. McDaniel v. Meisner, et al., 2012-cv-1178-NJ at Dkt. No. 68. The plaintiff appealed that decision, id. at dkt. no. 74, and on June 24, 2015, the Seventh Circuit Court of Appeals vacated the order of dismissal and remanded the case to Judge Joseph for further proceedings, id. at dkt. no. 97.

On September 2, 2015, Judge Joseph granted the plaintiff's motion to

2

appoint an attorney to represent him. Id. at Dkt. No. 101. Attorney Joseph Cincotta appeared for the plaintiff in the 2012 case, and Judge Joseph set new deadlines for the parties to amend pleadings and conduct expert witness discovery. See id. at Dkt. No. 105. Attorney Cincotta filed an amended complaint, id. at dkt. no. 110; the defendants answered, id. at dkt. no. 111, and then the plaintiff began to file various documents indicating that he was not pleased with his counsel, see, *e.g.*, id. at dkt. nos. 112, 117. On April 21, 2016, Judge Joseph received a motion from the plaintiff, asking her to remove Attorney Cincotta as his lawyer. Id. at dkt. no. 125. Eleven days later, however, the judge received from the plaintiff a motion to strike the motion to remove his lawyer. Id. at dkt. no. 126.

On May 10, 2016, Attorney Cincotta filed a motion, asking that the court refer both the 2012 case before Judge Joseph *and* this case (the 2014 case before Judge Pepper) to a magistrate judge for mediation. McDaniel v. Meisner, *et al.*, 2012-cv-1178-NJ at dkt. no. 128; McDaniel v. Meisner, 2014-cv-53-PP at dkt. no. 81. Both judges agreed, and both judges referred their cases to Magistrate Judge Aaron E. Goodstein for mediation. Judge Goodstein held the first mediation session on August 3, 2016, 2014-cv-53-PP at dkt. no. 84; he held another session on August 18, 2016 (the parties had been discussing a proposal that could resolve the case, and needed more time), dkt. no. 85; and he held a third session on August 30, 2016, dkt. no. 86. Judge Goodstein made a final docket entry on October 11, 2016, reporting that the parties had settled both cases and had executed the settlement documents. Dkt. No. 90. The

parties were going to file the appropriate settlement documents. Id. On October 19, 2016, Attorney Cincotta filed the stipulation of dismissal. Dkt. No. 92. It contained one paragraph, which stated, "IT IS HEREBY STIPULATED AND AGREED, by and between the parties, by their respective attorneys, that this action shall be dismissed on its merits, with prejudice, and with each party bearing its own fees and costs, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Id. The document was signed by the plaintiff, by Attorney Cincotta and by Brandon T. Flugaur of the Wisconsin Department of Justice. Id. The parties did not file a copy of a settlement agreement, or a contract, or any other settlement papers. The only document the court received was the stipulation.

Fifteen months after the court closed the case, the plaintiff filed his motion to vacate the dismissal. Dkt. No. 96. He asks for dismissal under Fed. R. Civ. P. 60(b). Under Federal Rule of Civil Procedure 60(b)(1), a court may grant relief from a final order resulting from "mistake, inadvertence, surprise, or excusable neglect."[1]

The plaintiff asserts that the defendants breached the terms and conditions of the settlement agreement. Dkt. No. 96 at 1. The court does not know whether that is so—the parties did not file a settlement agreement with

---

[1] While the court does not have jurisdiction to rule on the plaintiff's motion, it notes that the motion was not timely filed. Rule 60(c)(1) says that if the party is asking for relief because of mistake, inadvertence, surprise, or excusable neglect; or because of newly-discovered evidence; or because of fraud, misrepresentation or misconduct by the other party, the party asking for the relief must file the motion "no more than a year after the entry of the judgment or order or the date of the proceeding." The plaintiff filed his motion fifteen months after the court dismissed the case.

the court, and the stipulation did not include any settlement terms. But even if the defendants have breached whatever agreement the parties reached, this court does not have jurisdiction over that issue. "[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated." Hill v. Baxter Healthcare Corp., 405 F.3d 572, 576 (7th Cir. 2005) (citations omitted). The parties stipulated that the dismissal was with prejudice. A court *can* "retain the power to protect and enforce" its judgments, if the judgment "explicitly incorporates the settlement, or reserves authority to enforce the settlement . . . ." Id. at 576 (quoting Lucille v. City of Chi., 31 F.3d 546, 548 (7th Cir. 1994)). This court's dismissal did not incorporate the terms of the settlement, because it did not know them, nor did it reserve authority to enforce the settlement, because the parties did not ask it to.

This court does not have jurisdiction to decide the two motions the plaintiff has filed.

The court **DISMISSES** the plaintiff's motion to vacate the voluntary dismissal for lack of jurisdiction. Dkt. No. 96.

The court **DISMISSES** the plaintiff's motion to include new evidence and appoint counsel for lack of jurisdiction. Dkt. No. 97.

Dated in Milwaukee, Wisconsin, this 29th day of August, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**